NOT DESIGNATED FOR PUBLICATION

No. 118,512

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALRENDA M. SEBASTIAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed July 13, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Alrenda M. Sebastian appeals the district court's denial of her motion for a downward dispositional departure. We granted Sebastian's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State responded and requested that we affirm the district court's decision to grant a durational departure but deny a downward dispositional departure. After review, we agree with the State and affirm.

On August 25, 2017, Sebastian pled no contest to making a false writing, a severity level 8 nonperson felony, pursuant to a plea agreement. Under the terms of the

1

plea agreement, the State agreed to join Sebastian's motion for a downward durational departure of 10 months' imprisonment based on Sebastian's acceptance of responsibility.

At sentencing on September 26, 2017, Sebastian argued for a downward dispositional departure because of mental health issues or, alternatively, a downward durational departure of 10 months. In addition, Sebastian had a criminal history of A, with a presumptive sentence of between 19 and 23 months' imprisonment. The district court, following the parties' plea agreement, imposed a downward durational departure of 10 months' imprisonment.

On appeal, Sebastian argues that the district court abused its discretion in refusing to grant her a downward dispositional departure. Sebastian claims that the district court should have used the same substantial and compelling reasons it used to impose a downward durational departure and instead grant her a downward dispositional departure. Under K.S.A. 2017 Supp. 21-6815(a), a sentencing judge shall impose the presumptive sentence under the sentencing guidelines "unless the judge finds substantial and compelling reasons to impose a departure." If the district judge decides to depart, he or she "shall state on the record at the time of sentencing the substantial and compelling reasons for the departure." K.S.A. 2017 Supp. 21-6815(a). Mental impairment is one of the nonexclusive factors the district court judge may consider when granting a departure. K.S.A. 2017 Supp. 21-6815(c)(1)(C).

Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Sebastian bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Here, the record is clear that the district court took Sebastian's mental illness and the plea agreement into account when making its decision to depart durationally. The district court discussed various reasons supporting its imposition of a downward durational departure: Sebastian has suffered from years of alcoholism, dementia, and substance abuse. After reviewing Sebastian's clinical evaluations, the district court specifically noted that Sebastian does suffer from significant mental illness and recommended drug, alcohol, and mental health treatments during her incarceration.

The district court rejected Sebastian's request for a downward dispositional departure because she was not amenable to probation as evidenced by the revocation of her probation in another case as the result of her conviction in the case at hand. Sebastian fails to show that no reasonable person would have taken the view of the district court. Therefore, we cannot say the district court's refusal to grant Sebastian's downward dispositional departure constitutes an abuse of discretion.

Affirmed.